```
                UNITED STATES DISTRICT COURT
                 MIDDLE DISTRICT OF FLORIDA
                    FORT MYERS DIVISION
```

IN RE:  BENJAMIN H. YORMAK
_____

STEVEN R. YORMAK,

    Appellant,

v.                           Case No:  2:23-cv-450-JES

BENJAMIN H. YORMAK,

    Appellee.
_____

## OPINION AND ORDER

This matter comes before the Court on debtor-appellee's Motion to Dismiss Appeal (Doc. #11) filed on July 24, 2023. Creditor-Appellant filed a Response (Doc. #13) on August 7, 2023. Appellee seeks to dismiss the appeal as an interlocutory appeal that is not final or appealable.

*I.*

On April 13, 2022, this Court issued an Opinion and Order (Doc. #12-172) reversing the granting of summary judgment in favor of debtor and reversing the sustaining of debtor's objection to Claim 4-2.  The Court also affirmed the denial of a proposed expert witness and affirmed the denial of a request to rescind protective orders.

> Steven has not shown any abuse of discretion or resulting prejudice from the discovery rulings, and he received a meaningful opportunity to present his arguments

> concerning the unlicensed practice of law issue. Neither Steven's due process rights nor his discovery rights were violated by the Bankruptcy Court's rulings.
>
> . . . .
>
> The Bankruptcy Court held numerous discovery-related hearings and, as specifically related to the unlicensed practice of law issue, granted requests for discovery of all relevant documents and conducted an *in camera* review of documents. The Court finds no abuse of discretion in any of the UPL discovery-related orders of the Bankruptcy Court or in its decision not to exclude certain documents from summary judgment consideration. The Court also finds no resulting prejudice to Steven, and no lack of due process. Steven was given notice and fair consideration of the unlicensed practice of law issue in the type of proceeding he requested – summary judgment instead of the scheduled trial hearing. The Court concludes that the record establishes Steven was not deprived of due process of law or of his discovery rights.

(Id., pp. 20-22.)  The case was remanded for further proceedings consistent with the Opinion and Order.

Upon remand, the Bankruptcy Court conducted a status conference to discuss trial on the objection to the Claim, but creditor wanted authority to contact debtor's clients and to obtain discovery on who ran the law firm.  Having heard argument, the Bankruptcy Court directed creditor to file a memorandum in support of his Second Recission Motion and a separate motion to request discovery related to management and control of debtor's law firm. (Doc. #12-178.)  Creditor filed a memorandum in support of a second recission motion but did not file a separate motion to request

discovery related to management and control of the law firm as directed. (Doc. #12-2, pp. 6-7.) At a hearing on February 14, 2023, creditor acknowledged that his filings and discovery requests were "confusing and multiplicative." The Bankruptcy Court gave creditor an opportunity to file a "*single, comprehensive document* that described the *exact* discovery" he wished to conduct." (Id. at p. 8) (emphasis in original). On February 28, 2023, the Bankruptcy Court entered an Order (Doc. #12-183) denying the Motion to Rescind Previous Discovery Orders and directing creditor to file a Final and Comprehensive Amended Motion to Rescind discovery Orders and set a deadline. Instead of complying, creditor filed two motions: one seeking another deposition of debtor (the Deposition Motion) and the other asserting deprivation of his discovery rights and further seeking unspecified additional discovery (the Final Rescission Motion). Both motions were denied.

The Notice of Appeal (Doc. #12-1) identifies the Bankruptcy Court's Order Denying Steven R. Yormak's (1) Motion to Depose Debtor and (2) Final Motion to Rescind Previous Discovery Orders (Doc. #12-2). "In these post-Remand proceedings, the Court provided Steven with multiple opportunities to explain why he should be permitted to re-depose Debtor and conduct additional discovery after the discovery cutoff, but Steven has neither described the discovery that he wants nor justified the request.

After carefully considering the record, for the reasons set forth above, the Court denies the Deposition Motion and the Final Rescission Motion." (Doc. #12-2, p. 18.)

## *II.*

The Court must determine if the order appealed is interlocutory and not appealable by right. If so, the Court must determine whether to grant leave to appeal. In re Charter Co., 778 F.2d 617, 621 (11th Cir. 1985). Appellant did not seek to appeal interlocutory in the Bankruptcy Court or with the Notice of Appeal on appeal.[1]

District Courts have jurisdiction to hear appeals "(1) from final judgments, orders, and decrees; (2) from interlocutory orders and decrees issued under section 1121(d) of title 11 increasing or reducing the time periods referred to in section 1121 of such title; and (3) with leave of the court, from other interlocutory orders and decrees; of bankruptcy judges entered in cases and proceedings referred to the bankruptcy judges under section 157 of this title." 28 U.S.C. § 158(a). "A bankruptcy case embraces an aggregation of individual controversies." In re Transbrasil S.A. Linhas Aereas, 860 F. App'x 163, 166–67 (11th Cir. 2021), cert. denied sub nom. Est. of Fontana v. ACFB

---

[1] "Certification by the bankruptcy judge is not required for an interlocutory appeal to a district court." In re Fillard Apartments, Ltd., 104 B.R. 480, 480 (S.D. Fla. 1989) (citations omitted).

Administracao Jud., 142 S. Ct. 1229 (2022).  "By providing for appeals from final decisions in bankruptcy 'proceedings', as distinguished from bankruptcy 'cases', Congress made orders in bankruptcy cases immediately appealable if they finally dispose of discrete disputes within the larger bankruptcy case."  Ritzen Grp., Inc. v. Jackson Masonry, LLC, 140 S. Ct. 582, 587 (2020) (quotation marks and alterations omitted).

> A bankruptcy case need not be appealed as a single judicial unit at the end of the entire bankruptcy proceeding; rather, an order "must constitute either a 'final determination of the rights of the parties to secure the relief they seek,' or a final disposition 'of a discrete dispute within the larger bankruptcy case for the order to be considered final.'" Notwithstanding this more flexible approach to finality in bankruptcy appeals, federal courts have concluded overwhelmingly that a bankruptcy court's discovery orders are interlocutory decisions from which an appeal to the district court does not lie as a matter of right.

In re Tullius, 500 F. App'x 286, 289 (5th Cir. 2012).

It is well-established that discovery orders are "not final orders" and therefore "not immediately appealable."  In re Transbrasil S.A. Linhas Aereas, at 166 (citation omitted). "[D]iscovery is "merely a preliminary step" to obtain information for use in some other proceeding, and thus discovery disputes are nothing more than "disputes over minor details about how a bankruptcy case will unfold."  Id. at 168 (citation omitted). "Because they are not final orders, the general rule is that

discovery orders are not appealable unless the object of the discovery order refuses to comply and is held in contempt." In re Barnet, 737 F.3d 238, 243 (2d Cir. 2013).  An appeal "from a nonfinal order may ripen into a valid notice of appeal if a final judgment has been entered by the time the appeal is heard and the appellee suffers no prejudice. This rule applies even if the final judgment was not itself appealed."  In re Barnet, 737 F.3d 238, 244 (2d Cir. 2013).  It is readily apparent that the Order appealed was not a final order appealable by right, nor did it resolve a discreet final issue, and no final judgment has issued such that the appeal could become part of the larger appeal.

"Because 28 U.S.C. § 158(a) does not provide the district court any criteria for determining whether to exercise their discretionary authority to grant leave to appeal, the courts look to 28 U.S.C. § 1292(b) which governs discretionary interlocutory appeals from district courts to the court of appeals." Laurent v. Herkert, 196 F. App'x 771, 772 (11th Cir. 2006) (citation omitted).   "[Section]  1292(b)  certification  is  wholly discretionary" and "sets a high threshold for certification to prevent piecemeal appeals."  OFS Fitel, LLC v. Epstein, Becker & Green, P.C., 549 F.3d 1344, 1358–59 (11th Cir. 2008).

"When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as

to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order." 28 U.S.C. § 1292(b). The first question is satisfied by considering the meaning of a statutory or constitutional provision, regulation, or common law doctrine rather than the application of settled law to fact. McFarlin v. Conseco Servs., LLC, 381 F.3d 1251, 1258 (11th Cir. 2004). The second question of a 'substantial ground for difference of opinion' "must arise out of a *genuine doubt* as to the correct applicable legal standard that was relied on in the order." United States v. Zak, 580 F. Supp. 3d 1351, 1357 (N.D. Ga. 2021). The third requirement is that an appeal would 'materially advance termination of litigation' so as to avoid a trial otherwise substantially shorten litigation. McFarlin, 381 F.3d at 1259.

In his June 2020 Application for Leave to File Motion for Summary Judgment Regarding Debtor Objection Based on Unlicensed Practice of Law (UPL) Following Completion of Discovery (Doc. #12-126), creditor himself noted that all discovery was complete, the deadline for filing expert reports and for all depositions had passed, and that no genuine issues existed for trial. The Bankruptcy Court relied on these representations and granted the request to file summary judgment motions. In the Order, the Bankruptcy Court denied a motion to rescind protective orders in

which creditor wished to contact debtor's clients and conduct discovery and sustained debtor's objection to the Claim. (Doc. #12-2, pp. 4-5.) This Order was reversed as to the summary judgment and the ruling on the objection. The undersigned affirmed on the discovery issues finding no violation of due process.

The current Order on appeal denied the Deposition Motion because (1) it repeats the same claims made in the first motion, which have been ruled upon and reviewed on appeal; (2) creditor has already deposed debtor on the unlicensed practice of law and management issue and debtor produced most of the 80 client files; (3) creditor failed to explain why he should be permitted to re-depose debtor on the same issues; (4) creditor expressly stated that discovery was complete when he sought leave for summary judgment and nothing in the remand order "opened the door to additional discovery"; and (5) the motion itself was untimely filed. (Doc. #12-2, pp. 12-13.) The Final Rescission Motion was denied because the remand order had already determined no deprivation of due process or discovery rights, and also because the Bankruptcy Court gave creditor "ample opportunity" and he failed to describe the additional discovery that he wished to conduct. (Id. at p. 13.)

Creditor argues there has "been an egregious manifest injustice" because the Bankruptcy Court's "draconian ongoing

prohibition against Creditor barring him from any contact with the Debtor clients, in or out of court, which has all the effects of an injunction, and as such is appealable at this juncture." (Doc. #13, p. 8.)  The original order granting a protective order was issued on June 15, 2016, and is not on appeal.  (Doc. #12-30.)  No injunction has been appealed and this argument is without merit.

Creditor further argues clear error, an abuse of discretion "with deep prejudicial consequences", a "serious abuse of judicial authority" because of the ongoing "NO CONTACT" order regarding clients.  (Id. at ¶¶ 25-27.)  Other than bristling at the denial of his two motions, creditor fails to argue that he can meet any of the three criteria for the Court to entertain an interlocutory appeal.  There is no substantial ground for a difference of opinion on the order, no controlling question of law as the decision was made based on facts, and there is no chance that an interlocutory appeal would advance litigation on remand.  The motion to dismiss will be granted.

Accordingly, it is hereby

**ORDERED:**

1. Debtor-Appellee's Motion to Dismiss Appeal (Doc. #11) is **GRANTED.**

2. The appeal is dismissed as an interlocutory appeal for which no controlling question of law is involved.

3. The Clerk shall terminate all deadlines, transmit a copy of this Opinion and order to the Bankruptcy Court and close the appellate file.

**DONE and ORDERED** at Fort Myers, Florida, this __16th__ day of August 2023.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record